IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. _____
*[Electronically Filed]*

| | |
|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO·CLC<br><br>　　Plaintiff<br><br>　　　　v.<br><br>American Standard Corporation,<br><br>　　Defendant.<br><br>Serve:　Richard S. Cleary<br>　　　　GREENBAUM DOLL & MCDONALD, PLLC<br>　　　　101 S. Fifth Street, Ste. 3500<br>　　　　Louisville, Kentucky  20202 | |

## Complaint

The Plaintiff, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO·CLC (the "USW") submits the following Complaint against the American Standard Corporation ("Company").

　　　　1.　　This is an action to obtain specific performance of an agreement between the parties to resolve disputes through the agreed upon method of arbitration, or in the alternative, to obtain vested severance benefits from a company that has denied them to its employees.  The relevant collective bargaining agreement between the company and the union contains a grievance and arbitration procedure, which culminates in submission

of disputes to a neutral arbitrator for binding resolution. The company has now breached its agreement by refusing to proceed with arbitration of a grievance filed by the union. This suit seeks to compel arbitration as previously agreed, or for this court to award the benefits the employer has denied our members.

### Jurisdiction & Venue

2.  This Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

3.  Plaintiff USW is a labor organization representing employees in industries affecting commerce within the meaning of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 142, 152 and 185, and provides such representation within the State of Kentucky and in the geographic area within this Court's jurisdiction.

4.  Defendant Company is an employer authorized to do business in the State of Kentucky and is engaged in an industry affecting commerce as defined in the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 142, 152 and 185.

5.  Plaintiff USW has, for all time material hereto, been the recognized bargaining representative of the bargaining unit employees at the Company's Paintsville, Kentucky plant.

### Facts

6.  A collective bargaining agreement dated July 1, 2005 between the USW and the Company ("2005 Agreement") governed the terms and conditions of the bargaining unit employees at the Company's Paintsville, Kentucky. A true and correct copy of the 2005 Agreement is attached hereto as Exhibit A.

7.  The 2005 Agreement contains a broad arbitration clause, designated as

Article XI Adjustment of Grievances, covering "any dispute between the Company and any employee of the Union concerning the application, interpretation, claim of breach, or violation of this Agreement" (Exhibit A, p. 7).

8. Article XLIII Separation Pay of the 2005 Agreement provides, *inter alia*, that "[t]he Company agrees that in the event they permanently and totally discontinue operation of the plant, any employee having three (3) or more years of continuous service will receive separation pay at termination in accordance with [an included schedule]."

9. The 2005 Agreement was scheduled to expire on June 30, 2008. Prior to expiration, the Company announced that it intended to close the Paintsville, Kentucky Plant, that it would not negotiate a successor agreement, and entered into bargaining with the Union over the effects of the closure, and over a contract extension. After several meetings, the parties were unable to reach an agreement either on an extension or an effects agreement. The parties continued to meet and negotiate, and Union members continued to work under the terms and conditions of the expired agreement.

10. On September 23, 2008, in connection with the failure to resolve an ongoing bargaining dispute concerning the Company's obligations to pay retiree health insurance, the Company announced its intention not to pay severance at shutdown.

11. On September 23, 2008, the USW filed a grievance concerning the Company's decision not to pay severance. A true and correct copy of the grievance is attached as Exhibit B.

12. On October 15, 2008, the Company permanently and totally discontinued operations at the plant, and refused to pay severance to its employees.

13. The Union attempted to select arbitrators with the Company by letter in

3

February, 2009.   The Company did not respond to these requests, but rather proposed to try to settle both disputes as a package.

14. The parties continued to attempt to settle these interlocking disputes until August 4, 2009, when the Company unequivocally, for the first time, refused to proceed to arbitration on the severance grievance.  A true and correct copy of the Company's refusal is attached as Exhibit C.

15. The Union and the employees it represents are without adequate remedy at law and will continue to suffer immediate irreparable injury unless the Company is ordered to comply with the arbitration provisions of the Agreement and arbitrate.

## Prayer for Relief

**Wherefore**, Plaintiff USW, prays that this Court:

1. Enter a judgment ordering the Company to arbitrate the aforementioned grievance.

2. In the alternative, enter a judgment ordering the Company to pay severance to its employees pursuant to the 2005 collective bargaining agreement.

3. Issue any other relief as may be just and proper.

    SEGAL, LINDSAY & JANES, PLLC

    s/Dennis F. Janes
    DENNIS F. JANES
    515 Park Avenue
    Louisville, Kentucky  40208
    Telephone: 502-568-5600
    Fax:         502-581-1437
    E-mail: dfjanes@segal-lawfirm.com
    ***Counsel for Plaintiff***