UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:09-cv-00144-KKC

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,                      PLAINTIFF,

v.                          **OPINION AND ORDER**

AMERICAN STANDARD CORPORATION,                                 DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Motion for Order to Show Cause [DE 34] filed by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC (the "Union") and the Motion to Stay filed by American Standard Corporation [DE 36]. For the following reasons, the Court denies the Motion for Order to Show Cause and grants the Motion to Stay.

**I.  FACTS.**

This Court has entered a final judgment in this matter dismissing this action and ordering the parties to arbitrate the dispute between them regarding separation pay. [DE 32]. On April 20, 2001, American Standard filed a Notice of Appeal. [DE 33]. On May 20, 2011, the Union filed a motion asking the Court to order American Standard to show cause why it should not be held in contempt for failing to comply with the Judgment. The Union states that it has attempted to arbitrate the underlying separation-pay dispute but that American Standard has refused to arbitrate. American Standard responds with arguments as to why this Court's judgment should not be enforced. In the alternative, it argues for a stay of this Court's judgment pending appeal.

## II. ANALYSIS.

American Standard first argues that its has the right to an immediate appeal under 9 U.S.C. §16 (a)(3) and *Green Tree Financial Corp v. Randolph*, 531 U.S. 79 (U.S. 2000). However, the Union has not disputed that American Standard has a right to appeal this Court's final order. The issue is whether arbitration in this action should proceed while that appeal is pending. Neither § 16(a)(3) nor *Green Tree Financial* address that issue.

American Standard next argues that this Court no longer has jurisdiction over this matter because American Standard has appealed the Court's final judgment dismissing this action. The Court presumes that American Standard's argument is that this Court does not have jurisdiction to order the parties to proceed to arbitration.

It is certainly true that the filing of a Notice of Appeal generally divests this Court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). However, the Union is asking this Court to enforce its final judgment compelling the parties to arbitrate. Even pending appeal, absent a motion to stay, a district court retains jurisdiction to enforce its judgment. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588-89 (6th Cir.1987).

The cases cited by American Standard for the proposition that a district court is divested of jurisdiction when a party appeals under 9 U.S.C. § 16(a) deal with situations where the district court *denied* a motion to compel arbitration and the question was whether the court retained jurisdiction to *proceed with the litigation* while that order was on appeal. *See McCauley v. Haliburton Energy Serv., Inc.*, 413 F.3d 1158 (10th Cir. 2005); *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *Cambio Health Solutions, LLC v. Reardon*, 228 F.

Supp. 2d 883 (M.D. Tenn. 2002).

In this case, in contrast, the Court ordered the parties to arbitrate and, thus, the question is not whether this Court has authority to proceed with the underlying litigation. Instead, the question is whether this Court has jurisdiction to enforce its final order compelling arbitration. As stated, even post-appeal, a district court retains jurisdiction to enforce its final judgments, unless a party has filed a motion to stay that enforcement.

That brings us to the real issue before the Court: American Standard's Motion to Stay. According to the Sixth Circuit, in determining whether to stay an order pending appeal, the Court must balance four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir.2006) (citing *Griepentrog*, 945 F.2d at 153).

After considering each of these factors the Court finds that a stay is warranted. This matter has been fully briefed before the Sixth Circuit and is ripe for ruling. The Court sees no injury to the Union members if resolution of this matter is postponed a relatively short amount of time to await the Sixth Circuit's decision. Nor does the Court see any benefit to the Union members in ordering an arbitration to proceed that may ultimately be voided. Further, the public interest is not served by the potentially unnecessary use of resources in arbitration if this Court's order is overturned on

3

appeal.

Accordingly, **IT IS HEREBY ORDERED** that American Standard's motion for a stay [DE 36] is **GRANTED** and the Union's motion for order to show cause [DE 34] is **DENIED.**

Dated this 22nd day of September, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge